Opinion issued August 31, 2005



     











In The
Court of Appeals
For The
First District of Texas




NO. 01-03-01340-CV




SMI REALTY MANAGEMENT CORP., Appellant

V.

UNDERWRITERS AT LLOYD’S, LONDON, Appellee




On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2002–62333




DISSENTING OPINION

          Because I believe that the policy unambiguously excludes coverage for all
“leakage,” both sudden and gradually occurring, I respectfully dissent. In Crisswell
v. European Crossroads Shopping Center, Ltd., 792 S.W.2d 945, 948 (Tex. 1990),
the supreme court stated that use of semicolons in drafting an agreement indicates
that each phrase set off by a semicolon is to be read as having independent
significance. In this case, the items in the list of excluded perils are set apart by semi-colons. Therefore, I believe that each has independent significance, and one item
cannot be used to modify another. As such, the policy provides that it excludes
“leakage” and “any other gradually occurring loss.” I cannot read the policy to
exclude only “gradually occurring leakage,” as the term “leakage” is not so modified
in the policy. See County of Maverick v. Tex. Ass’n of Counties Workers’ Comp. Self-Ins. Fund, 852 S.W.2d 700, 705 (Tex. App.—San Antonio 1993, no writ) (“[If] one
party’s interpretation would require the insertion of a qualifying phrase, that
interpretation must be rejected as violating the rule of giving language its ordinary
meaning.”). Accordingly, I dissent. I would affirm the summary judgment granted
in favor of Underwriters.
 
                                                                        Sherry Radack
                                                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Hanks and Higley.